UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD G. DIERDORF, JR., | ) | CASE NO. 3:05 CV 2977 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHELE EBERLIN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On December 27, 2006, petitioner pro se Ronald G. Dierdorf, Jr., filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Dierdorf is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of rape (2 counts) in 1995. The petition asserts that the plea agreement is violated by a subsequent finding that Dierdorf is a sexual predator. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

To be made voluntarily and intelligently, a guilty plea must be made with knowledge of the relevant circumstances and likely consequences. However, defendant need only be aware of the direct consequences of his plea, and there is no constitutional right to be informed of all possible collateral consequences thereof. King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994). A subsequent determination of sexual predator status is a collateral consequence of Dierdorf's 1995 plea. Leslie v. Randle, 296 F.3d 518 (6th Cir. 2002); Goodballet v. Mack, 266 F.Supp.2d 702 (N.D. Oh. 2003).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/Peter C. Economus - 1/31/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE